**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEIMI UDIEL REYES-MONZON, AKA
Keima Udiel Reyes-Monzon,

        Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 12-73077

Agency No. A095-790-712

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

    Keimi Udiel Reyes-Monzon, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Reyes-Monzon does not challenge the BIA's denial of his asylum application as untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are deemed waived). Thus, we deny the petition for review as to Reyes-Monzon's asylum claim.

Substantial evidence supports the BIA's determination that Reyes-Monzon failed to establish past persecution or a fear of future persecution on account of a protected ground from a powerful individual in his hometown. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) ("[P]urely personal retribution is, of course, not persecution on account of political opinion.") (citation omitted); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We reject Reyes-Monzon's contentions that the BIA failed to apply the correct legal standard or discounted his asserted membership in a particular social group. We lack jurisdiction to consider Reyes-Monzon's claimed fear of gangs in Guatemala because he did not exhaust this

issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, Reyes-Monzon's withholding of removal claim fails. *See Molina-Morales*, 237 F.3d at 1052.

Finally, substantial evidence also supports the BIA's denial of Reyes-Monzon's CAT claim because he did not show it is more likely than not he will be tortured by the government of Guatemala or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**